WINSOR, J.,
concurring.
Our decision turns on the statutory trade-secret definition,[2] the trial court’s findings, and the evidence supporting those findings. We would depart from our proper role as judges if we considered more. We cannot be swayed, for example, by arguments that the trial court’s order *1108 ■will harm consumers, undermine transparency, or increase the Office’s administrative burdens. The Office and its supporting amici have expressed concerns on these points, but those concerns cannot help us decide what we are supposed to decide: whether State Farm proved that its data meets the statutory trade-secret definition.
The Legislature weighed the competing public policy interests at issue, the Legislature chose to exempt trade secrets from the public-records law, and the Legislature established the statutory trade-secret definition.[3] State Farm presented evidence— including expert evidence—that its data met the Legislature’s definition, and the trial court found that State Farm met its burden. The trial court’s findings are supported by competent, substantial evidence, and so our job is to affirm. I therefore join the majority opinion.

. As the majority opinion explains, Florida statutes actually include multiple trade-secret definitions. Whether there is some category of data that meets one definition but not another, that is not an issue here. The Office framed its appeal around section 688.002(4)’s definition, and the parties stipulated as to the factors State Farm needed to prove to establish its data was entitled to trade-secret protection.

. The constitution guarantees broad access to public records, but it also gives the Legislature limited authority to establish exemptions. See Art. I, § 24, Fla. Const. The Office has not challenged the Legislature’s authority to exempt trade secrets.